## Sizemore et al. v. Hurt et al.

May 16, 1950.

Lawrence F. Speckman, Judge.

Charles W. Porter and Walter R. King for appellants.

Marshall Hardy and Ralph H. Logan for appellees.

JUDGE HELM—Affirming.

Appellees, Homer Hurt and his wife, Willis Edmund Holt and his wife, and Levi J. Johns and his wife, brought this action asserting an easement, the use of a roadway over a described boundary, and seeking to en-

join the appellants, Alice Sizemore and Setser L. Compton, from interfering with appellees' use of a roadway through the land of appellants. Appellants counterclaimed, asserting that appellees were trespassers and seeking to restrain them from using the roadway. The Chancellor granted appellees a temporary injunction, and, after hearing the testimony of the parties, adjudged that the roadway was appurtenant to the property of appellees and that it be a permanent easement for appellees, provided they contribute to its maintenance, and permanently enjoined appellants from obstructing or otherwise interfering with appellees' use of the roadway.

The counterclaim of appellants was dismissed. Appellants seek a reversal on the grounds that: (1) They were entitled to a judgment dismissing the petition as to appellees Holt and Johns; (2) appellant Compton was entitled to a judgment on his counterclaim; and (3) the judgment was not sustained by sufficient evidence, is contrary to the weight of evidence, and is contrary to law.

"Appellant, Sizemore, at one time owned all of the property involved in this litigation, and the property now owned by the appellees." All of this property is situate in Jefferson County, east of Lyndon, south of the L. & N. tracks and of the LaGrange Road. Appellee Hurt's property lies south of the L. & N. tracks; Johns' property lies south of Hurt's property; Mrs. Sizemore's home lies to the south of Johns' property. These tracks lie east of a roadway, "a 60-foot easement," which runs south from an embankment at the L. & N. tracks to an abandoned interurban right-of-way now used as a roadway. This roadway extends west to Grant Avenue in Lyndon, and east to the LaGrange Road just below the Kentucky Military Institute. Appellee Holt's property is at the northeast corner of the intersection of the 60-foot easement and the abandoned interurban right-of-way.

Appellees Holt and Johns purchased their lots directly from Mrs. Sizemore; Hurt purchased his lot mediately through a mesne grantor. To pass from the lands of appellant, Mrs. Sizemore, to the public highway there are three possible routes: (1) The abandoned interurban right-of-way southwestwardly to Grant Ave-

nue in Lyndon; (2) southwestwardly along the subdivision road, an unimproved strip of land lying southeast of and paralleling the interurban right-of-way to Grant Avenue in Lyndon; and (3) southwestwardly over an abandoned county road to the Shelbyville Road. Formerly there was a road through the lands of Carl Ray to a point east of Lyndon. Subsequently this road was closed by the owner. The subdivision road and the county road are unimproved, rough, muddy, and at times impassable roads.

Hurt purchased his property in 1947; Holt and Johns had an oral agreement with Mrs. Sizemore for the purchase of their lots in 1946. They acquired deeds from her for these lots in 1948. By deed of May 5, 1947, and after the Carl Ray road was closed, Mrs. Sizemore conveyed to appellees Hurt and wife a right-of-way over and along the abandoned interurban right-of-way extending southwestwardly to Grant Avenue in Lyndon, providing in this deed that: "The second parties shall use said right-of-way with due regard to the rights of others in the use thereof. * * * The parties of the second part shall either perform work in maintenance of said roadway equal to that performed by the other abutting property owners who use and maintain same or shall hire work to be performed equal to such work. * * * The second parties shall contribute ratably with the adjoining property owners using said right-of-way to the cost of any materials used in the repair and maintenance thereof."

In 1939 Mrs. Sizemore, apparently realizing that other roadways might be closed to her, had bought the abandoned interurban roadbed from Dr. Bates. In 1947, when Carl Ray closed his roadway and after she had conveyed a right-of-way to Hurt in May, 1947, she arranged with Hurt, Holt and Johns to clear the weeds, briars, and trees from the abandoned interurban roadway, which was then impassable; to fill the large holes in it, and to buy and spread 25 tons of small gravel on the roadway which extended to Grant Avenue in Lyndon, agreeing with them that they could use it. They cleared the road, put the gravel on it, put it into condition for travel by automobiles and traveled it regularly. Later, in 1948, Mrs. Sizemore executed deeds of conveyance to Holt and to Johns. In November, 1948,

after Holt and Johns had contributed their work and materials to the improvement of this road, and after they had received their deeds, Mrs. Sizemore, on the pretext that Johns had failed to cut some weeds as requested by her, erected a gate across this roadway and had the gate locked. Hurt, it is admitted, is entitled to the use of this roadway and it was so adjudged. Appellees Holt and Johns maintain that they each have an easement for the use of this roadway.

Of the three possible ways, it is shown that Carl Ray closed the roadway through his farm. It appears that Johns and Holt worked many miles from their homes and used automobiles in going to and from their work. It is shown that what is referred to as the county road and subdivision road are unimproved, and often times impassable ways, inadequate for the use of those traveling in modern vehicles. During the controversy Mrs. Sizemore conveyed the interurban right-of-way to her nephew, appellant Compton, who lived with her. He knew of the grant to Hurt and the use of the roadway by Holt and Johns.

The Chancellor, in his opinion, said:

"This is an action seeking an injunction against the interference with the use of an easement or right-of-way over the land of the defendants, Alice Sizemore, * * * and Setser L. Compton, and is sought by one plaintiff, Homer Hurt and wife, on the basis of an express grant obtained in the deed from Sizemore to her; and also is sought by the other plaintiffs on the basis of a necessary appurtenance to their deeds obtained from the same source.

"* * * defendants appear to be bound and they admit that the Hurts have an express grant of an easement * * *.

"As to the other plaintiffs, Holt and Johns, the court is of the opinion that in the deed to Hurt * * * the defendant Sizemore clearly reserved a right to use said easement for the benefit of the other property owners who use and maintain the same; that is, those to whom she may thereafter sell her remaining lands.

"* * *

"It has been said that the defendants have other

roads or ways of ingress and egress to their property but such ways are not always open or passable, whereas the way provided in her deed over the former right-of-way of the Louisville Interurban is always open and passable. * * * at the time that the defendants purchased their property such was open and passable and it is safe to assume that the defendants were induced to purchase the property believing that they had such a right-of-way, and it seems to have been in the minds of all of the parties at that time. One cannot sell real estate under patent representation and thereafter repudiate it and that is what appears to have been done in this case.

"* * * the motion of the defendants to dismiss plaintiffs' petition on the basis of the proof offered by plaintiff and defendant * * * is overruled."

We believe the Chancellor reached the correct conclusion. The judgment is affirmed.